# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LATOYA PERRY,

        Plaintiff,

v.

MICHAEL C. MARTIN, et al.,

        Defendants.

Case No. 19-10142
Hon. Terrence G. Berg

## OPINION AND ORDER OF SUMMARY DISMISSAL
## WITHOUT PREJUDICE

Plaintiff is a federal inmate confined at the Federal Correctional Institution in Tallahassee, Florida. On January 22, 2019, Magistrate Judge R. Steven Whalen signed an order of deficiency, requiring plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from her trust fund account, a signed certification of her prison trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed plaintiff to pay the $350.00 filing fee, plus the $50.00 administrative fee, in full. Plaintiff was given thirty days to comply with the order.

1

On February 19, 2019, Plaintiff provided this Court with a copy of the application to proceed without prepayment of fees. Plaintiff, however, has failed to provide this Court with a written authorization to withdraw funds from her prison trust fund account. Plaintiff also failed to file a certified trust account statement, nor did she provide the court with a current computerized trust fund statement of account showing the history of the financial transactions in her institutional trust fund account for the past six months.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *Id.* at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount

of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

Plaintiff's application to proceed without prepayment of fees and costs is initially deficient because she failed to file an authorization to withdraw funds. The moment plaintiff filed her complaint, she became responsible for the filing fee, and she waived any objection to the withdrawal of funds from her prison trust fund account to pay court fees and costs. *Id.* at 605. Plaintiff's application to proceed without prepayment of fees or costs is deficient and subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 F. App'x 530, 533 (3d Cir. 2010).

Plaintiff's complaint is also subject to dismissal because she failed to correct the deficiency by providing the Court with a certified account statement as well as a copy of her computerized prison trust fund account for the past six months. *See Davis v. United States,* 73 F. App'x 804, 805 (6th Cir. 2003).

The Court dismisses the complaint without prejudice for want of prosecution based upon plaintiff's failure to fully comply with the deficiency order. *See, e.g., Erby v. Kula*, 113 F. App'x 74, 75–76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform

Act. Nothing in this order precludes plaintiff from filing a new civil rights complaint under a new case number so long as she pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**SO ORDERED**.

                            s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

Dated: March 13, 2019

## Certificate of Service

I hereby certify that this Order was electronically submitted on March 13, 2019, using the CM/ECF system, which will send notification to each party, and was served on unrepresented parties via postal mail.

                            s/A. Chubb
                            Case Manager