UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LATOYA PERRY**, <br><br> Plaintiff, <br><br> vs. <br><br> **MICHAEL C. MARTIN**, et. al., <br><br> Defendants. | 2:19-CV-10142-TGB <br><br><br> **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 9)** |

Plaintiff is an inmate confined at the Federal Correctional Institution in Tallahassee, Florida. On January 22, 2019, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required Plaintiff to provide a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, a signed certification of her prison trust account from an authorized prison official and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed Plaintiff to pay the four hundred ($ 400.00) dollar filing fee in full. Plaintiff was given thirty days to comply with the order.

On March 13, 2019, the Court summarily dismissed the civil rights complaint because Plaintiff failed to fully comply with the order of deficiency. The dismissal was without prejudice to Plaintiff filing a new civil rights complaint under a new case number so long as she paid the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

On April 10, 2019, Plaintiff filed a Motion for Relief from Judgment, in which she asked for the complaint to be reinstated. (ECF No. 9). Plaintiff separately filed a written authorization to withdraw funds from her prison trust fund account as well as a certified trust account statement. (ECF No. 10). The Court construes this as a request to reopen the complaint. For the reasons that follow, the request is denied without prejudice to Plaintiff filing a new complaint under a new case number.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v.*

*Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id*. The district court must then order that the case be dismissed for want of prosecution. *Id*. Most importantly, if the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.; see also In re Prison Litig. Reform Act*, 105 F. 3d 1131, 1132 (6th Cir. 1997).

Plaintiff failed to timely cure her filing fee defects in this case. Accordingly, this Court does not have the power to reinstate her complaint. If Plaintiff wishes to pursue this matter, she can do so by

filing a new complaint with the appropriate documentation to proceed without prepayment of fees under a new case number.

Accordingly, the Court **DENIES** Plaintiff's Motion for Relief from Judgment (ECF No. 9). The denial is without prejudice to Plaintiff filing a new complaint in this matter under a new case number.

DATED this 10th day of January, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge